IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. V-11-020 |
| FERNANDO JAVIER SANCHEZ CORTES, | § § § | |
| Defendant/Movant. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Fernando Javier Sanchez Cortes' motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and his memorandum of law in support. D.E. 39. Also pending before the Court is Sanchez Cortes' Post Conviction Motion to Dismiss, which the Court construed as a motion to vacate, set aside or correct sentence. D.E. 34, 35.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Sanchez Cortes was arrested in March 2011 after a traffic stop during which he consented to a search of his vehicle. Cocaine was found. D.E. 1. He was appointed counsel the day of his initial appearance in federal court. D.E. 3. Sanchez Cortes was indicted for possession with intent to distribute more than 5 kilograms of cocaine, approximately 9.8 kilograms (gross), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

Sanchez Cortes entered into a plea agreement with the government. In exchange for his guilty plea and waiver of the right to appeal or to file a motion to vacate, set aside or correct the judgment, the government agreed to recommend maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. Additionally, the government

agreed to recommend a downward departure for substantial assistance if in the government's sole discretion, it deemed his assistance to be substantial. D.E. 15.

Sanchez Cortes was rearraigned. The Court ordered a Presentence Investigation Report (PSR). D.E. 16.

The PSR calculated Sanchez Cortes' base offense level at 32, based upon 8 kilograms of cocaine (net) found in his vehicle. After credit for acceptance of responsibility, his total offense level was 29. D.E. 17 at ¶¶ 11-29. He had no criminal history. His sentencing guideline range of imprisonment was 87-108 months, but was trumped by the statutory minimum sentence of 10 years. Id. at ¶¶ 36-37.

At sentencing, the government agreed that Sanchez Cortes met the criteria set forth in 18 U.S.C. § 3553(f) ("safety valve") and was eligible to be sentenced without regard to the statutory minimum sentence of 120 months.  D.E. 25. The Court sentenced Sanchez Cortes to 70 months to be followed by 4 years of supervised release, no fine, and a $100 special assessment. D.E. 24. Judgment was entered on January 10, 2012. Sanchez Cortes did not timely appeal, but in April 2012, he filed a notice of appeal. This Court construed the notice to be a motion for extension of time to file a notice of appeal and denied the motion. D.E. 30. The Fifth Circuit dismissed his appeal on August 10, 2012. D.E. 33.

The Clerk received Sanchez Cortes' "Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss with Supporting Memorandum of Law" on October 18, 2012. The Court construed the motion as an attempt to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court issued an Order advising Sanchez Cortes that he should amend his motion within

30 days and provided Castro warnings.[1] D.E. 34, 35. Sanchez Cortes requested two extensions of time, which the Court granted. D.E. 36, 37, 38. He was required to file his amended § 2255 motion by January 20, 2013, but has not done so.

The Clerk received Sanchez Cortes' motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on February 11, 2013.

## II.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.  MOVANT'S CLAIMS

Sanchez Cortes' motion for sentence reduction raises the following claims, 1) the Fair Sentencing Act ("FSA") lowered the mandatory minimum sentence applicable to his offense, 2) the FSA changes are retroactive pursuant to Dorsey v. United States, 3) he is entitled to a sentence reduction pursuant to § 3582(c)(2). D.E. 39 at 4-7. Additionally, Sanchez Cortes appears to claim that he was entitled to a downward departure at sentencing due to his substantial assistance to the authorities.  Id. at 8-13. He claims that even when the government does not seek a § 5K1.1 reduction, this Court may consider his cooperation as part of its review of the factors in 18 U.S.C. § 3553. He also urges the Court to find that the government breached the plea agreement by failing to make a § 5K motion. Id. Next, Sanchez Cortes claims he should have been granted a sentence reduction for minor role which would further reduce his sentence. Id. at 15.

Sanchez Cortes' original motion (D.E. 34) claimed that his indictment should be dismissed on the grounds it did not provide fair notice as to the penalties for the type and amount of drugs alleged.

---

[1]  Castro v. United States, 540 U.S. 375, 383 (2003). The Castro court recognized that a post-conviction motion should be recharacterized as a § 2255 motion only after adequate notice and warning to the defendant as to the consequences of recharacterization.

## IV. ANALYSIS

**A.    § 3582 Motion for Sentence Reduction**

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Garcia, 606 F.3d 209, 212 & n.5 (5th Cir. 2010); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Rule 35 of the Federal Rules of Criminal Procedure (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See 18 U.S.C. § 3582(c).

1. *Fair Sentencing Act*

The Fair Sentencing Act was passed by Congress in 2010 and became effective on August 3, 2010. United States v. Dorsey, — U.S. ----, 132 S.Ct. 2321, 2329 (2012). It was in effect at the time Sanchez Cortes was sentenced on January 12, 2012. The statutory minimum sentence applicable to Sanchez Cortes is found in 21 U.S.C. § 841(b)(1)(A)(ii) and was not modified by the FSA.[2]

---

[2]   (b) Penalties
Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
  (1)(A) In the case of a violation of subsection (a) of this section involving– . . .
    (ii) *5 kilograms or more* of a mixture or substance containing a detectable amount of--
      (II) *cocaine,* its salts, optical and geometric isomers, and salts of isomers; . . .
    *such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life* and if death or

Furthermore, Sanchez Cortes was not sentenced to the statutory minimum sentence. The Court's finding that he was safety valve eligible removed that requirement and he was sentenced to 70 months, a considerable reduction below the statutory minimum sentence of 120 months. He is not entitled to relief from his sentence pursuant to the Fair Sentencing Act or § 3582(c)(2).

2. *Sentence reduction for substantial assistance pursuant to Rule 35 and § 3582(c)*

Among the circumstances that allow a court to modify a sentence is the filing of a motion for a downward departure by the government pursuant to Rule 35. See 18 U.S.C. § 3582(c)(1)(B). The statute only permits the Court to reduce Sanchez Cortes' sentence under Rule 35 *when the government* requests that the Court do so. Such a motion must generally be brought within one year of a defendant's conviction. Fed. R. Crim. P. 35(b). Because the government has not sought Rule 35 relief here, the Court is without authority to modify Sanchez Cortes' sentence pursuant to Rule 35(b).

3. *Remaining Claims pursuant to § 3582*

Sanchez Cortes further claims that the Court can consider his assistance to the authorities as a factor in the Court's § 3553(a) analysis and that the government breached its plea agreement by failing to file a Rule 35 motion. Section 3582 strictly limits a district court's power to modify a

---

serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both.
. . . .

Id. (emphasis added).

sentence after it is imposed. These claims do not fit within those limits and this Court may not modify Sanchez Cortes' sentence pursuant to § 3582 on these bases.

**B.      Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Sanchez Cortes, after obtaining two extensions to do so, has not filed his § 2255 motion as instructed by the Court. See D.E. 35, 36, 37, 38. The Court advised Sanchez Cortes as follows,

> If Sanchez Cortes wishes to have his motion construed under § 2255, he must affirmatively notify the Court within 30 days of this order. He should supplement his motion with all grounds he wishes to assert (or risk waiving them), or he may voluntarily withdraw his motion within 30 days of the entry of this Order. If he fails to affirmatively notify the Court of his desire to proceed as a § 2255, this Court will dismiss his current filing.

D.E. 35 at 3. Sanchez Cortes has not done so and his original motion (D.E. 34) is denied and the claim dismissed.

## V.  CONCLUSION

For the foregoing reasons, Sanchez Cortes' Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 39) and Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss (D.E. 34) are **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 20th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE